Stewart HATLER, Plaintiff—Appellant,

and

Vicki Barnes; et al., Plaintiffs,

v.

TUOLOMNE COUNTY; et al.,
Defendants—Appellees.

No. 02–16147.

D.C. Nos. CV–98–05064–DLB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Oct. 30, 2003.

Walter W. Whelan, Esq., Law Offices of Walter W. Whelan, Fresno, CA, for Plaintiff–Appellant.

Lawrence A. Haun, Law Office of Lawrence A. Haun, Sonora, CA, for Plaintiffs.

James Francis Lewis, Damrell, Nelson, Schrimp, Pallios, Modesto, CA, for Defendants–Appellees.

Before WALLACE, HALL, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM *

Stewart Hatler appeals from the district court's ruling that his federal claims were barred by collateral estoppel. The facts and prior proceedings are known to the parties, and are restated here only as needed.

### I

Hatler contends that the district court erred in concluding that collateral estoppel barred him from pursuing his federal claims. Federal courts may give preclusive effect to the findings of state administrative bodies as a matter of federal common law. *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 794, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). But before giving unreviewed administrative decisions preclusive effect, federal courts must first ensure that the so-called *"Utah Construction"* factors are met–i.e., that the administrative body " '[1] acted in a judicial capacity . . . [2] resolved disputed issues of fact properly before it . . . [and][3] the parties . . . had an adequate opportunity to litigate.' " *Elliot*, 478

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S. at 800, 106 S.Ct. 3220 (quoting *U.S. v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)). We have also recognized that, in light of California's adoption of the *Utah Construction* standard, the only question federal courts must determine when deciding whether to give preclusive effect to an unreviewed California administrative finding is whether California courts would have accorded it preclusive effect. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir.1994); *Plaine v. McCabe*, 797 F.2d 713, 719 n. 13 (9th Cir. 1986).

Hatler concedes that the district court applied the *Utah Construction* standard, but argues that the third factor was not met in this case. He contends that his aborted mandamus action would not have given him an adequate opportunity to litigate his challenges to several procedural flaws that ostensibly affected the fairness of the board's proceedings. Although Hatler's allegations do raise questions about procedural irregularities in the board's proceedings, the district court correctly determined that his mandamus action under Cal.Code Civ. Proc. § 1094.5(b) would have permitted review of issues of procedural fairness and the board's authority to act as it did. *See Mola Dev. Corp. v. City of Seal Beach*, 57 Cal.App.4th 405, 411, 67 Cal.Rptr.2d 103 (1997); *BMW of N. Am. v. New Motor Vehicle Bd.*, 162 Cal.App.3d 980, 983, 209 Cal.Rptr. 50 (1984). And California law clearly permits augmentation of the administrative record and post-hearing discovery. *See Pomona Valley Hosp. Med. Ctr. v. Superior Court*, 55 Cal.App.4th 93, 102, 63 Cal.Rptr.2d 743 (1997). An examination of the record shows that Hatler knew or could have known of at least some of the procedural irregularities in the board hearing, and thus could have established a basis for augmenting the administrative record. We therefore conclude that the district court did not abuse its discretion in ruling that the abandoned administrative mandamus action would have given Hatler an opportunity to litigate his allegations of unfairness.

In addition to the *Utah Construction* test, California courts also examine "whether the traditional criteria for collateral estoppel were satisfied on the facts of the case." *Plaine*, 797 F.2d at 720. In this case, the fairness issue is identical to that effectively waived by Hatler when he abandoned his mandamus action; the administrative proceeding culminated in a judgment on the merits; and both parties were involved in the prior proceeding. *Id.* We therefore conclude that the traditional requirements for collateral estoppel were met in this case along with the *Utah Construction* standard.

## II

Hatler also contends that the district court's finding of preclusion effectively imposed an exhaustion of judicial remedies requirement that cannot apply in actions brought under 42 U.S.C. § 1983. But we have held that "an unreviewed [state] agency decision against a federal plaintiff can preclude a § 1983 suit in federal court, even though § 1983 does not have an exhaustion requirement." *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir.1998). The district court merely followed this clear holding. Hatler was not required to exhaust his remedies in state court–indeed, he could have filed his action immediately in federal court after the building components were destroyed. But when he sought relief before the board, he voluntarily opened up the possibility that, unless he managed to prevail before the board or in his administrative mandamus action, the board's conclusions would be binding. *See Elliott*, 478 U.S. at 799, 106 S.Ct. 3220;

*Miller,* 39 F.3d at 1034 n. 3; *Eilrich v. Remas,* 839 F.2d 630, 632 (9th Cir.1988).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.